LARRY L. LYYTINEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lyytinen v. Commissioner
Docket No. 2074-89
United States Tax Court
T.C. Memo 1990-289; 1990 Tax Ct. Memo LEXIS 307; 59 T.C.M. (CCH) 839; T.C.M. (RIA) 90289; June 12, 1990, Filed *307 Decision will be entered for the respondent. Larry L. Lyytinen, pro se. Thomas E. Ritter, for the respondent. PARR, Judge. PARR
MEMORANDUM OPINION This matter is before the Court on respondent's motion to dismiss and for damages. Respondent determined the following deficiencies in and additions to petitioner's Federal income tax: Additions To Tax Under Sections
Year
Deficiency
6651(a)(1) [1]
6653(a)(1)
6653(a)(2)
6654
6661
1983
$ 2,153
$ 538
$ 108
*
$ 132
1984 5,363
1,341 268
* 337
$ 1,341 1985 2,295 574 115
* 131
*308 On January 30, 1989, petitioner filed a petition with the Court while residing in Billings, Montana. Petitioner stated in his petition: "I object to the assessment, because I am not a person liable for the tax." On February 16, 1989, respondent filed an answer with the Court denying this allegation. On January 19, 1990, the Court served a Notice of Setting Case for Trial and a Standing Pre-Trial Order upon the parties. The Notice of Setting Case for Trial states in part: Your attention is called to the Court's requirement that, if the case cannot be settled on a mutually satisfactory basis, the parties, before trial, must agree in writing to all facts and all documents about which there should be no disagreement. Therefore, the parties should contact each other promptly and cooperate fully so that the necessary steps can be taken to comply with this requirement. YOUR FAILURE TO COOPERATE MAY ALSO RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU.
The Standing Pre-Trial Order similarly required the parties to cooperate and to stipulate facts to the maximum extent possible. On February 20, 1990, respondent filed a motion to dismiss and for damages *309 with the Court. By order dated February 23, 1990, we denied respondent's motion, without prejudice to renew, admonishing petitioner to comply with the Court's Standing Pre-Trial Order. On March 5, 1990, respondent served his first request for interrogatories upon petitioner pursuant to Rule 71. On March 22, 1990, respondent served his first request for admissions upon petitioner pursuant to Rule 90. On April 19, 1990, respondent received a letter from petitioner containing meritless tax protestor arguments which we need not repeat. Respondent received no other response from petitioner. On April 30, 1990, respondent filed a motion seeking to renew his previous motion to dismiss and for damages which was filed on February 20, 1990. On May 17, 1990, the Court issued the following order: ORDERED that petitioner shall, on or before June 1, 1990, serve on counsel for respondent answers to each interrogatory served on petitioner on March 5, 1990. An evasive or incomplete answer will be treated as a failure to answer. It is further ORDERED that petitioner shall, on or before June 1, 1990, file any motion to withdraw or modify matters deemed admitted by his failure to timely *310 respond to respondent's request for admissions served on him on March 22, 1990, pursuant to Rule 90(f). A denial that does not fairly respond to the substance of the requested admission will be deemed admitted. It is further ORDERED that the Court may impose sanctions upon petitioner pursuant to Rule 104, including dismissal of this case, if petitioner fails to timely obey this Order. Respondent's April 30, 1990, motion will be held in abeyance pending any response by petitioner to this Order.
Petitioner has not responded to the Court's discovery order. The Court may impose sanctions, including dismissal of a case, if a party fails to obey the Court's order compelling compliance with a discovery request. Rule 104(c)(3). In deciding whether to impose sanctions, we consider whether the failure to comply with our discovery order was due to willfulness, bad faith, or other fault. ; . Dismissal is warranted in this case. Petitioner completely failed to comply with this Court's discovery order of May 17, 1990, and we are convinced that *311 such failure was willful and in bad faith. Our rules and orders mean exactly what they say, and we intend that they be complied with. .Any lesser sanction than dismissal would encourage other litigants to ignore their discovery obligations and to flout this Court's discovery orders. . We next consider that part of respondent's motion which seeks the imposition of damages under section 6673. Whenever it appears to the Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay, that the taxpayer's position in such proceeding is frivolous or groundless, or that the taxpayer unreasonably failed to pursue available administrative remedies, the Court may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000. Sec. 6673(a). [2]
*312 Petitioner has offerred nothing but frivolous and groundless tax protestor arguments in support of his case, and has refused to comply with our discovery order with the objective of delaying the ultimate resolution of this case. We impose a penalty of $ 5,000 upon petitioner under the authority of section 6673. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50 percent of the interest due on the deficiency. ↩
2. The Revenue Reconciliation Act of 1989, Pub. L. 101-239, sec. 7731(a), 103 Stat. 2106, changed the term "damages" to "penalty" and increased the amount which can be awarded to the United States from $ 5,000 to $ 25,000. These changes are applicable to positions taken after December 31, 1989, in proceedings which are pending or commenced after such date.↩